**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

```
_____
                               :
DAVID SMITH,                   :
                               :    Civil Action No.
            Petitioner,        :    11-2214 (RBK)
                               :
      v.                       :
                               :    MEMORANDUM OPINION
DONNA ZICKEFOOSE,              :    AND ORDER
                               :
            Respondent.        :
_____:
```

    This matter comes before the Court upon Petitioner's filing of an application seeking habeas relief, pursuant to 28 U.S.C. § 2241 ("Petition"), and it appearing that:

1. Petitioner filed the instant Petition asserting that his loss of good-conduct credits and other sanctions were improperly imposed upon him when: (a) Petitioner was apprehended by his prison officials being in possession of an illegal cell phone; and (b) Petitioner's violation was qualified as a "greatest severity" offense (and corresponding sanctions were imposed under the BOP Codes 108 and/or 199).[1] See Docket Entry No. 1. Petitioner asserted that he had no notice as to the fact that

---

[1] It appears that Petitioner committed the infraction and was disciplined while in confinement in a federal correctional facility in Indiana. However, the exact locale of Petitioner's detention at the time of his offense and sanctions does not alter the Court's analysis.

    possession of illegal cell phone was a disciplinary infraction of "greatest severity," and – therefore – he should have been charged and sanctioned for committing only a "moderate" violation (under the BOP Code 305) rather than for a violation of "greatest severity." See id. Petitioner, hence, seeks revocation of imposed sanctions and expungement of his prison record, asserting that a certain inmate, whose case is known to Petitioner, and who was initially sanctioned for possession of an illegal cell phone but was recently granted these very remedies administratively.

2. Petitioner's challenges are identical to those dismissed, as meritless, in numerous actions. Recently, the same challenges were dismissed in Pittman v. Zickefoose, Civil Action No. 10-5057 (RMB) (D.N.J.) (filed on Sep. 27, 2010, closed on Oct. 20, 2010).[2] Specifically, the court in Pittman addressed an inmate's challenges that he was unduly charged with (and sanctioned for) the "greatest severity" Code 108 violation

---

[2] Analogously, the same arguments were numerously raised by federal inmates and invariably dismissed by the judges in this District. See, e.g., Ortiz v. Zickefoose, 2011 U.S. Dist. LEXIS 47376 (D.N.J. May 3, 2011); Robinson v. Kirby, 2011 U.S. Dist. LEXIS 30850 (D.N.J. Mar. 23, 2011); Ramirez v. Zickefoose, 2011 U.S. Dist. LEXIS 29779 (D.N.J. Mar. 21, 2011); Hudson v. Zickefoose, 2010 U.S. Dist. LEXIS 120936 (D.N.J. Nov. 15, 2010). The same applies to other district courts in this Circuit. See, e.g., Johnson v. Scism, 2011 U.S. Dist. LEXIS 34301 (M.D. Pa. Mar. 30, 2011). Moreover, a multitude of substantively identical § 2241 matters is currently pending before this Court, leaving the Court to wonder if there is any federal inmate left in this Circuit who is/was not in possession of an illegal cell phone.

(instead of the "moderate severity" Code 305 violation) in connection with the prison officials of F.C.C. Petersburg ("FCCP"), Virginia, apprehension of the inmate while he was in possession of an illegal cell phone. See id. Docket Entry No. 6. The Pittman court observed:

a. Petitioner's challenges are two-fold. First, he seek expungement of his prison records from the fact that he committed the very infraction underlying his sanction. Second – and, seemingly, in support of his expungement claim – Petitioner asserts that the imposition of this loss-of-good-conduct-credit sanction violated his rights because, at the time of Petitioner's committing his infraction, the overall impression held by the FCCP general population (and by Petitioner, in particular) was that - if an inmate's illegal possession of a cell phone were detected - the violator would get sanctions other than loss of good-conduct credit. Thus, Petitioner concedes that the FCCP officials put the inmates on notice that cell phone possession was a sanctionable infraction, but he alleges that the FCCP officials were obligated but failed to expressly correlate that particular misconduct to Code 108 sanctions, which allowed the inmates (and Petitioner, in particular) to believe that such infraction would be sanctioned under Code 305, a more lenient provision than Code 108.[3] Petitioner states that a certain BOP

---

[3] An inmate's possession of a cell phone has been construed by the BOP as a Code 108 violation long before Petitioner's infraction. See, e.g., Donahue v. Grondolsky, 2010 U.S. App. LEXIS 19097, at *1-2 (3d Cir. Sept. 13, 2010) (affirming sanction imposed in 2007, i.e., two years prior to Petitioner's infraction, upon an inmate found in possession of a cell phone SIM card, where that inmate's Code 199 loss-of-good-conduct-credit sanction was expressly analogized by the BOP to the then-existing sanction imposed for Code 108 possession of a cell phone). In the same vein, Petitioner's incident report and the administrative hearing charge notice both stated, in no ambiguous terms, that Petitioner committed a Code 108 violation and was charged accordingly, i.e., with a Code 108 violation committed by his act of possessing of a hazardous tool: the cell phone. See

        official eventually clarified . . . that the BOP had begun construing the possession-of-cell-phone misconduct as Code 108 infraction in order "to incorporate technological advances that were not present when the [original] rule was drafted."[4]  <u>Id.</u> at 8.

  b.    Petitioner's challenges are substantively without merit . . . .

      i.    With regard to Petitioner's request for expungement, it shall be noted that the Court of Appeals stressed its doubts as to whether an expungement claim could, altogether, be raised in a habeas action. <u>See</u> <u>Williams v. Fed. Bureau of Prisons</u>, 85 Fed. App'x 299 (3rd Cir. 2004).  In <u>Williams</u>, the inmate filed a § 2241 habeas petition claiming that the BOP improperly refused to delete information contained in his prison file.  <u>See id.</u> at 303.  In response, the Court of Appeals observed:

> We have never had to decide whether to endorse the right of expungement announced in <u>Paine v. Baker</u>, 595 F.2d 197 (4th Cir. 1979), and other Circuit Courts of Appeals have expressly questioned its precedential value. [<u>See</u>] <u>Johnson v. Rodriguez</u>, 110 F.3d 299, 308-09 n. 13 (5th Cir. 1997). Nevertheless, [the inmate in <u>Williams</u>] argues that his . . . prison file expungement claim are

---

Instant Matter, Docket Entry No. 1-1, at 39 and 40.

    [4] Petitioner attributes this quote to the person designated by him as the "Director of the Bureau of Prisons." <u>See</u> Instant Matter, Docket Entry No. 1, at 8. However, the exhibits attached to the Petition indicate that Petitioner's administrative appeals at Regional and Central Appeal levels were dismissed as untimely rather than on merits, <u>see</u> Instant Matter, Docket Entry No. 1-1, at 31 and 35; and – in any event – this Court is not entirely clear as to why a "director" of the BOP rather than a Central Office counsel would respond to Petitioner's inquiry. Thus, the Court cannot rule out the possibility that Petitioner referred to the FCCP warden as "Director of the Bureau of Prisons."

> meritorious under <u>Paine v. Baker</u>. There, the Court of Appeals for the Fourth Circuit announced that, in limited circumstances, state prisoners have a federal due process right to have "prejudicial erroneous information expunged from their prison files." [<u>Paine</u>,] 595 F.2d at 202. The court held:
>
>> In certain limited circumstances a claim of constitutional magnitude is raised where a prisoner alleges (1) that information is in his file, (2) *that the information is false*, and (3) that it is relied upon to a constitutionally significant degree.
>
> <u>Id.</u> at 201. [The inmate now] argues that he can assert <u>Paine v. Baker</u> expungement claims in a § 2241 habeas petition. Even if we assume arguendo that [the inmate] can assert a <u>Paine v. Baker</u> expungement claim in a § 2241 habeas petition, it is nevertheless clear that he is not entitled to relief [of expungement of] his prison file [where the information on file is factually correct].
>
> <u>Williams</u>, 85 Fed. App'x at 303 (emphasis supplied).[5]  In light of the "arguendo" language used by the Court of Appeals in <u>Williams</u> and the clarifications provided, later on, by the Supreme Court in <u>Wilkinson</u>, Petitioner's expungement claim appears not cognizable in a habeas action. Moreover, even if presumed cognizable, this claim is facially without merit and

---

[5] <u>Williams</u> was decided before the Supreme Court's ruling in <u>Wilkinson v. Dotson</u>, 544 U.S. 74 (2005), the rationale of which seems to outright bar all § 2241 challenges seeking expungement.

    should be summarily dismissed simply because Petitioner here concedes that he, in fact, committed the infraction reflected in his prison file and, hence, that information [that he possessed an illegal cell phone] cannot be false.

ii. Furthermore, the BOP's decision to sanction Petitioner for his misconduct facially met due process requirements. When a disciplinary penalty affecting the length of a sentence is imposed, the Due Process Clause requires that "some evidence" be produced to support the decision to sanction. See Superintendent v. Hill, 472 U.S. 445, 457 (1985); see also Young v. Kann, 926 F.2d 1396, 1402-03 (3d Cir. 1991) (applying Hill standard to a federal prisoner's due process challenges). Since the "some evidence" standard requires only that the decision not be arbitrary or not without any support in the record, see, e.g., Gaither v. Anderson, 236 F.3d 817, 819 (7th Cir. 2000) (citing Hill, 472 U.S. at 457); Brown v. Fauver, 819 F.2d 395 (3d Cir. 1987), and Petitioner here concedes that he, in fact, committed the very infraction for which he was sanctioned, the BOP's decision to impose a disciplinary penalty could not run afoul of the requirements posed by the Due Process Clause.

iii. In the event Petitioner sought to assert that he had due process rights to keep his good-conduct credit and be sanctioned by other means, Petitioner's position is, too, without merit. Petitioner has no "pre-vested" liberty interest in any certain amount of good-conduct credit, see Barber v. Thomas, 130 S. Ct. 2499 (2010); rather, he has to actually earn them. See 18 U.S.C. § 3624 (plainly stating that an inmate good time credit must be earned); see also Sample v. Morrison, 406 F.3d 310 (5th Cir. 2005) (the statute grants the BOP the power to determine whether or not the inmate has complied with institutional disciplinary rules); accord Lynce v. Mathis, 519 U.S. 433, 445 (1997) (the inquiry is limited to an inmate's eligibility for reduced imprisonment and does not envision any fixed guarantee of

        release).[6]

      iv.  Petitioner's position is equally without merit as to his assertion that he knew he was committing a disciplinary violation but – without knowing the particular sanction he would be facing if his infraction were detected – he was prevented from determining whether his decision to commit the infraction would be "worthy," to him, of the sanctions that he might suffer. While Petitioner has due process rights to notice as to general categories of the acts prohibited, he has no due process right to notice as to any specific administrative sanction he might face if his violation gets detected.[7] See, e.g., Adams v. Gunnell, 729 F.2d 362, 368-70 (5th Cir. 1984) (a prisoner's right to notice means that the rules must give a person of ordinary

---

[6] Since inmates possess a liberty interest in having their good-conduct credit vested if such credit is earned, see Wolff v. McDonnell, 418 U.S. 539, 555-57 (1974); Levi v. Holt, 192 Fed. App'x 158 (3d Cir. 2006), due process requires, if a disciplinary hearing resulted in loss of good-conduct credit: (a) 24 hours advance written notice of the disciplinary charges; (b) an opportunity to testify, call witnesses and present documentary evidence; and (c) a written statement by the fact-finder as to the evidence relied upon and reasons for the disciplinary action. See Wolff, 418 U.S. at 564-566. However, since the minutiae of Petitioner's administrative hearing at the FCCP were not even mentioned – moreover challenged – in the Petition, the Court need not construe the Petition as raising any Wolff-related aspects.

[7] Petitioner's references to the Administrative Procedure Act cannot be amount to a viable challenge because "BOP's internal agency guideline[s]" are not subject to the notice and comment requirements of the APA. See Reno v. Koray, 515 U.S. 50, 61 (1995); see also Royal v. Tombone, 141 F. 3d 596, 600 (5th Cir. 1998) (rejecting prisoner's argument that BOP's change in policy was invalid because it was not promulgated in accordance with the APA, as agency guidelines are "promulgated internally and may be altered at will by the BOP"); Koray v. Sizer, 21 F. 3d 558, 562 (3d Cir. 1994) (internal agency guidelines may be altered by the BOP at will and are not subject to the notice and comment requirements of the APA), rev'd on other grounds sub nom Reno v. Koray, 515 U.S. 50 (1995)

intelligence notice of the actions prohibited); accord Cook v. Warden, 241 Fed. App'x 828, 2007 U.S. App. LEXIS 14772 (3d Cir.) (per curiam) (dismissing the inmate's § 2241 challenges to vagueness of a BOP's Code and finding that the notice was sufficient where the inmate was provided with a prison handbook informing him of the categories of acts proscribed, even though different prison handbooks detailed the proscribed activities with different degree of particularity), cert. denied 552 U.S. 1051 (2007); Cotten v. Ward, 190 Fed. App'x 701, 702 (10th Cir. 2006) (affirming dismissal of § 2241 challenges where the prison rule was "sufficiently clear and unambiguous to provide fair notice to inmates of what conduct [was] prohibited"); see also Eason v. Owen, 2010 U.S. Dist. LEXIS 82153, at *6 (D.S.C. Apr. 29, 2010) (dismissing an inmate's § 2241 challenges asserting that possession of a cell phone should be deemed a "lesser included offense" of Code 108 and, thus, subjected to a lesser sanction under another BOP Code). This is so because, unlike with regard to criminal statutes, no high degree of precision is required of disciplinary regulations, especially as to the sanctions entailed. See Meyers v. Alldredge, 492 F.2d 296, 310 (3d Cir. 1974) ("[d]ue process undoubtedly requires certain minimal standards of specificity in prison regulations [but] the degree of specificity required of such regulations is [not] as that required of . . . criminal sanctions"); Hadden v. Howard, 713 F.2d 1003, 1008 (3d Cir. 1974) (administrative notice is generally deemed given "unless fair notice was clearly lacking"); compare United States v. Batchelder, 442 U.S. 114, 123 (1979) (noting, in dictum, that "vague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences" of the violation, but for the purposes of a criminal statute, not a disciplinary regulation). Here, Petitioner outright concedes that, at all pertinent times, he was on notice that possession of a cell phone was a proscribed offense and, moreover, a sanctionable misconduct. In addition,

        Petitioner concedes that, at all pertinent times, he was aware of the exact language of Code 108, which prohibits "[p]ossession . . . of a hazardous tool [i.e., the] tools most likely to be used in an escape or escape attempt." See <<http://www.bop.gov/locations/institutions/pem/PEX_aohandbook.pdf>> at 51 (FCCP "Inmate Information Handbook");[8] accord Instant Matter, Docket Entry No. 1, at 8-9 (indicating that Petitioner was given a copy of the Handbook).  Consequently, Petitioner was put on notice, by the very language of Code 108, that Code 108 sanctions could be applied to him for the misconduct of possession of a hazardous tool in the form of a cell phone. See Robinson v. Warden, 250 Fed. App'x 462 (3d Cir. 2007) (per curiam) (rejecting the inmate's argument that Code 108 was too vague for the purposes of providing notice of the Code's applicability to cell phone infractions). Petitioner's allegations to that effect will, therefore, be dismissed.

    v.    Finally, in the event Petitioner invites the Court to find abuse of discretion in the BOP's construction of Code 108 as covering the misconduct of cell phone possession, the Court declines the invitation: federal courts have long established that the BOP's construction was reasonable.  See, e.g., Ausberry v.

---

[8] In addition to the definition provided in Code 108 included in the FCCP Inmate Information Handbook, the Handbook also explains that:

    Contraband is . . . any item or thing not authorized or issued by the institution, received through approved channels, or purchased through the Commissary.  All staff are alert to the subject of contraband and make an effort to locate, confiscate, and report contraband in the institution.  Any item in an inmate's personal possession must be authorized and a record of the receipt of the item should be kept in the inmate's possession. . . .

<<http://www.bop.gov/locations/institutions/pem/PEX_aohandbook.pdf>> at 12.

> Grondolsky, 2008 U.S. Dist. LEXIS 110521 (D.N.J. Sept. 9, 2008) (where the BOP sanctioned an inmate with Code 108 loss of good-conduct credit upon analogizing the inmate's illegal MP3 player to a cell phone, the court rejected the inmate's lack-of- notice challenges finding that the language of Code 108 provided sufficient notice as to the entire category of such electronic devices) (relying Robinson for the observation that the BOP's definition of a cell phone as hazardous tool within the meaning of Code 108 was neither plainly erroneous nor inconsistent with BOP regulations, and citing Chong v. Dist. Dir., 264 F. 3d 378, 389 (3d Cir. 2001), for the umbrella proposition that the BOP's interpretation of its own regulation is "controlling . . . unless it is plainly erroneous or inconsistent with the regulation"); see also Eason, 2010 U.S. Dist. LEXIS 82153, at *5-6 ("[e]ven though Code 108 does not specifically include cell phones in the examples of hazardous tools, the BOP . . . consistently viewed them as such because they 'permit an inmate to circumvent the telephone monitoring system, and may be used as a tool which coordinates or facilitates escape and the introduction of illicit materials or drugs'") (relying on Robinson and the statement made by the BOP National Inmate Appeals Administrator Harrell Watts, and citing, inter alia, Irvin v. Fed. Bureau of Prisons, 2009 U.S. Dist. LEXIS 54103 (D.S.C. 2009); Marin v. Bauknecht, 2007 U.S. Dist. LEXIS 83514 (D.S.C. 2007); Rivera-Lind v. Pettiford, 2006 U.S. Dist. LEXIS 76677 (D.S.C. 2006), and Carey v. Williams, 2006 U.S. Dist. LEXIS 77092 (S.D. W. Va. 2006)); accord Hudson v. Edmonson, 848 F.2d 682 (6th Cir. 1988) (relying on Hill for the umbrella holding that selection of a particular disciplinary sanctions based on some evidence should not be second-guessed by the courts). Consequently, Petitioner's assertions that the BOP improperly construed its Code 108 as applicable to cell phones (that is, if such assertions were intended) are, too, without merit and will be dismissed.

>   Pittman v. Zickefoose, Civil Action No. 10-5057, Docket Entry
>   No. 6 (citations to docket entries made in Pittman omitted,
>   original footnotes preserved and reproduced in this Memorandum
>   Opinion as footnotes in the above-replicated block
>   quotation).[9]

3.  Moreover, in the event the BOP elected to expunge the prison record of – and revoke sanctions against – a certain inmate originally sanctioned for possession of illegal cell phone, such decision by the BOP does not lend support to Petitioner's challenges.[10]  Such actions by the BOP would render that

---

[9] The considerations of and determinations made by the Pittman court are shared by the entire federal judiciary. See this Memorandum Opinion and Order, note 1, see also Hicks v. Yost, 377 Fed. App'x 223, 224-25 (3d Cir. 2010) ("Contrary to what [the inmate] appears to argue, the absence of the term 'cell phone' in the text of Code 108 did not prevent the BOP from interpreting that provision to include this item.  Moreover, [the inmate] has not shown that the BOP's interpretation of Code 108 is plainly erroneous or inconsistent with that provision") (citing Chong, 264 F.3d at 389); McGill v. Martinez, 348 Fed. App'x 718 (3d Cir. 2009) (same); Franco v. Adler, 2011 U.S. Dist. LEXIS 20501 (E.D. Cal. Mar. 1, 2011) (same); Thorn v. Shartle, 2011 U.S. Dist. LEXIS 1334 (N.D. Ohio Jan. 6, 2011) (same); Thomas v. Phillips, 2010 U.S. Dist. LEXIS 96681 (S.D.W. Va. Aug. 25, 2010) (same, dismissing, inter alia, expungement claim).  If a practical conclusion could be distilled from this body of law, this conclusion appears to be that possession of illegal cell phones by inmates became a prevalent hazardous practice.  That conclusion, in turn, lends additional support to the BOP's interpretation of Codes 108 and 199 as applicable to illegal cell phone possession.

[10] Hypothetically, such challenge could give rise to a civil rights claim in the event the BOP expunges the records of – and revokes sanctions against – a certain group of individuals, e.g., Caucasian inmates, while refusing to make the same allowances to a protected suspect class of inmates, e.g., only African-American

inmate's habeas challenges moot, rather than legally valid. See, e.g., Hudson v. Zickefoose, 2010 U.S. Dist. LEXIS 120936 (D.N.J. Nov. 15, 2010) (where the BOP expunged the inmate's record and revoked sanctions based on his illegal possession of a cell phone, the BOP's actions rendered the inmate's claims moot, but it did not render his claims meritorious).

For the foregoing reasons, the Petition will be denied.

IT IS, therefore, on this __6th__ day of ___June___, 2011

ORDERED that the Petition, Docket Entry No. 1, is denied; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail; and it is finally

ORDERED that the Clerk shall close the file on this matter.

                                        s/Robert B. Kugler
                                        **ROBERT B. KUGLER,**
                                        **United States District Judge**

---

or only Hispanic-American inmates.  However, the facts asserted in the Petition do not indicate any basis for such equal protection challenges.  See, e.g., Ortiz v. Zickefoose, 2011 U.S. Dist. LEXIS 47376 (explaining invalidity of equal protection claim based on the assertion that the BOP randomly selected inmates for administrative charges based on possession of cell phones or randomly selected the Code provisions for these administrative charges; since these allegations have not suspect-class factual allegations, such allegations put the burden on the inmate to show personal discrimination against the particular inmate, but such personal discrimination cannot be established by a mere assertion that the inmate was disciplined or disciplined one way, while another inmate was not disciplined or was disciplined another way.)  Therefore, the Court need not reach the equal protection issue.